MEMORANDUM

**AXELROD & CO., Plaintiff,**

v.

**KORDICH, VICTOR & NEUFELD, Defendant.**

No. 70–Civ. 4965.

United States District Court, S. D. New York.

Dec. 31, 1970.

Barr, Bennett & Fullen, New York City, for plaintiff; by Robert E. Smith and Frank R. Greenberg, New York City, of counsel.

Delson & Gordon, New York City, for defendant; by Evan L. Gordon, New York City, of counsel.

CROAKE, District Judge.

In June of 1970 the firm of Kordich, Victor and Neufeld, defendant herein, "sold" 5000 shares of the common stock of On Site Energy Systems Corp. to plaintiff Axelrod & Co. When plaintiff refused to accept tender, defendant "sold out" the stock and instituted arbitration proceedings before the New York Stock Exchange to recover the loss allegedly incurred. In lieu of answering the notice of arbitration, plaintiff commenced this action, which seeks rescission for alleged fraudulent misrepresentations in violation of the Securities and Exchange Act of 1934, 15 U.S.C. § 78a et seq. ("the Exchange Act"), and obtained a temporary restraint of the arbitration. This court has presently before it two motions, to stay the arbitration, and to stay this action, respectively, each pending the outcome of the other.

Both plaintiff and defendant are broker-dealers, plaintiff is a member of the New York Stock Exchange, while defendant is not. The issue presented is whether, in light of the provisions of the Exchange Act, a non-member broker-dealer can compel a member to submit to the arbitration compelled by Exchange rules. The answer must be that it can.

It is well established that in the opposite situation, a broker-dealer would not be permitted to compel arbitration of a dispute between it and a non-member customer; 15 U.S.C. §§ 78aa, 78cc; Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). On the other hand, if both the customer and the broker-dealer had knowingly and voluntarily elected to submit to arbitration, an award therein would be given *res judicata* effect in a subsequent federal action initiated by the customer; 15 U.S.C. § 78bb(b); Moran v. Paine, Webber, Jackson & Curtis, 389 F.2d 242 (3rd Cir. 1968). Likewise, arbitration which is mandatory under the rules of an exchange will be compelled as between two members of that exchange; 15 U.S.C. § 78bb(b); Brown

v. Gilligan, Will & Co., 287 F.Supp. 766 (S.D.N.Y.1968).

The question of whether a non-member may invoke an exchange's rules providing compulsory arbitration over the opposition of the member involved depends upon several interrelated sections of the Exchange Act.

It is clear that section 78aa, which reserves exclusive federal court jurisdiction over Exchange Act claims in language which appears absolute, must be read in conjunction with sections 78f(c) and 78bb; *see, e. g.,* Brown v. Gilligan, Will & Co., *supra.* Section 78f(c) states:

> Nothing in this chapter shall be construed to prevent any exchange from adopting any rule not inconsistent with this chapter and the rules and regulations thereunder and the applicable laws of the State in which it is located.

The New York Stock Exchange has established, under authority of this section, a rule, requiring of its members that:

> "any controversy * * * between a nonmember and a member firm * * arising out of the business of such * * * member firm * * * at the instance of such nonmember, be submitted for arbitration. * * *" (N.Y. Stock Exchange Constitution, Art. VIII(1)).

This rule is consistent with the New York state law on arbitrability, CPLR § 7501 (McKinney's 1963), and furthers the policies expressed in the Exchange Act, Brown v. Gilligan, Will & Co., *supra* at 773.

The efficacy of this exchange rule depends in turn upon section 78bb of the Exchange Act, which states:

> Nothing in this chapter shall be construed to modify existing law (1) with regard to the binding effect on any member of any exchange of any action taken by the authorities of such exchange to settle disputes between its members, or (2) with regard to the binding effect of such action on any

person who has agreed to be bound thereby. * * *

Adoption of the rule constitutes "action taken by the authorities * * *," and therefore will be enforced. Section 78cc, which voids contracts mandating waiver of rights under the Exchange Act, is inapplicable, since the above discussion makes evident the undersigned's conclusion that plaintiff has no right to trial as opposed to arbitration in the circumstances of this case.

Accordingly, under the procedure established by the Arbitration Act, 9 U.S.C. § 3, the trial of this action shall be stayed until arbitration has been had in accordance with the applicable New York Stock Exchange rules. The temporary stay of arbitration is dissolved.

So ordered.